**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

GENA C. RANDOLPH,

      Plaintiff,

v.                                   Case No. 5:25-cv-226-AW-MJF

UNITED STATES OF AMERICA
and BUREAU OF PRISONS,

      Defendants.

_____/

## <u>REPORT AND RECOMMENDATION</u>

Because Plaintiff failed to comply with two court orders and failed to prosecute this action, the District Court should dismiss this action without prejudice.

### BACKGROUND

On January 2, 2026, the undersigned ordered Plaintiff to file an amended complaint or a notice of voluntary dismissal because Plaintiff's complaint violated the Local Rules and failed to state a plausible claim for relief against the Bureau of Prisons. Doc. 8. The undersigned imposed a compliance deadline of February 2, 2026, and warned Plaintiff that the

failure to comply with the order likely would result in dismissal of this action. *Id.* at 6. Plaintiff did not comply with that order.

On February 18, 2026, the undersigned ordered Plaintiff to show cause for her failure to comply with the undersigned's order of January 2, 2026. Doc. 9. The undersigned imposed a deadline of March 3, 2026, and again warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. *Id.* As of the date of this report and recommendation, Plaintiff has not complied with that order.

## DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). Plaintiff has failed to comply with two court orders and has failed to prosecute this action. Plaintiff has offered no

excuse for her failures and, consequently, has not shown good cause. Accordingly, dismissal of this civil action is appropriate.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.   **DISMISS** this action without prejudice.

2.   **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 17th day of March 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**